**Entered on Docket**
**September 21, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed: September 21, 2007

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 06-41883 EDJ

DEAN BATEMAN,                            Chapter 13

                       Debtor./

## DECISION

Martha Bronitsky, Chapter 13 trustee (the "trustee"), filed an objection to confirmation of the chapter 13 plan filed by Dean Bateman, the above debtor ("Bateman"). The court will sustain the objection.

On October 13, 2006, Bateman filed a chapter 7 petition herein.[1] On February 7, 2007, he converted his case to chapter 13. On March 9, 2007, Bateman filed a chapter 13 plan that proposed to

---

[1] This case is therefore governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which applies to bankruptcy cases filed on or after October 17, 2005. All section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., as amended by BAPCPA.

Decision

1  pay the trustee $270 per month for 36 months.  Under the plan,
2  Bateman's general unsecured creditors would not receive any
3  dividend.
4      Thereafter, the trustee filed an objection to Bateman's
5  proposed chapter 13 plan.  The objection alleged that Bateman's
6  proposed chapter 13 plan does not dedicate all of his "projected
7  disposable income" to the plan in accordance with Bankruptcy Code
8  § 1325(b)(1)(B).[2]  This is so, argues the trustee, because certain
9  expenses set forth in Bateman's Schedule J, are not "reasonably
10 necessary to be expended. . . for the maintenance or support of the
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///

---

[2]Section 1325(b)(1) provides:
(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan -
   (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
   (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Decision                                2

debtor" within the meaning of § 1325(b)(2).[3] The expenses at issue are: telephone $150; food $600; storage $320.

Bateman does not argue that the expenses at issue are, in fact, reasonably necessary for his maintenance and support. Rather, he argues that his actual income and expenses, as scheduled, are irrelevant to the calculation of his "projected disposable income" because § 1325(b)(2) and (3) mandate that the court determine his income and expenses in accordance with the "means test" designated in § 707(b)(2). The difference is that, according to some courts, § 707(b)(2) may allow a debtor to include as expenses certain amounts that, as a fixed allowance, are greater than the debtor's actual expenses. See, e.g., In re Grunert, 353 B.R. 591, 594 (Bankr. E.D. Wis. 2006).

The court rejects Bateman's interpretation for several reasons. First, § 1325(b)(3)'s reference to the means test in § 707(b)(2) is applicable only when a debtor's current monthly income exceeds the

---

[3]Section 1325(b)(2) provides, in relevant part:
(2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended -
    (A)(i) for the maintenance or support of the debtor or a
    dependent of the debtor, or for a domestic support
obligation, that first becomes payable after the date the petition is filed;

Decision        3

median of the applicable State as specified in § 1325(b)(3).[4] Here, Bateman's current monthly income does not exceed the State median.

Secondly, many courts have opined that even when the debtor's income is above the State median, Subsections (2) and (3) of § 1325(b) were not intended to allow debtors to include as expenses amounts they are not actually expending (or expected to expend in the future) merely because such non-existent expenses may arguably be allowed as deductions for purposes of the means test. See, e.g., In re Slusher, 359 B.R. 290 (Bankr. Nev. 2007); In re Rezentes, 368 B.R. 55 (Bankr. Haw. 2007).[5]

Such courts, with which this court concurs, have reasoned that § 707(b)(2)(A)(ii)(I) (via § 1325(b)(3)) refers to the "applicable" amounts to be deducted as expenses, and that expenses that are not the debtor's actual expenses (whether current or anticipated) are not "applicable" and thus are not deductible for purposes of the calculation of the debtor's "projected disposable income." See Slusher, 359 B.R. at 309; Rezentes, 368 B.R. at 61.

---

[4]Section 1325(b)(3) provides, in relevant part:
(3) Amounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than -
    (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

[5]For cases holding to the contrary, see Rezentes, 368 B.R. at 59-60 n. 3.

Decision 4

1      Similarly, some courts have opined that "projected disposable
 2 income" in § 1325(b)(1)(B), the amount the debtor must commit to the
 3 plan, has a different meaning than "disposable income" in
 4 § 1325(b)(2). Thus, according to these courts, the means test,
 5 which applies, if at all, only to the calculation of "disposable
 6 income" per § 1325(b)(2) and (3), is only a starting point for
 7 calculating the debtor's "projected disposable income." See
 8 Slusher, 359 B.R. at 296-98.
 9      The court holds that, for purposes of this case, the
10 calculation of Bateman's projected disposable income is governed by
11 the information Bateman provided in his Schedules I (Income) and J
12 (Expenses), and that Bateman is not entitled to a fixed allowance of
13 any expense that is in excess of his actual expense even if such a
14 fixed allowance might be included in the "means test" under
15 § 707(b). Consequently, the court will issue its order sustaining
16 the trustee's objection to confirmation of Bateman's proposed
17 chapter 13 plan.
18
19                          **END OF ORDER**

Decision                            5

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Cathleen Cooper Moran<br>Moran Law Group, Inc. |
| 3 | 1674 N. Shoreline Blvd. #140<br>Mountain View, CA 94043-1375 |
| 4 | |
| 5 | Martha G. Bronitsky<br>Chapter 13 Trustee<br>P.O. Box 5004 |
| 6 | Hayward, CA 94540-5004 |

Decision 6

Case: 06-41883    Doc# 54    Filed: 09/21/07    Entered: 09/21/07 16:04:26    Page 6 of 6